UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GiGi STEINWACHS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. |
| ) | COMPLAINT |
| TOWN OF KNIGHTSTOWN ) | |
| KNIGHTSTOWN POLICE DEPT, ) | 1:02-CV-1832 RLY |
| PAT ADAMS, ADRIAN DARLING,) | |
| MIKE VACCARO, ) | |
| STEPHANIE MURREY, ) | |
| SHEILA JENKINS, ) | |
| MICHELLE POLLARD, ) | |
| CHARLES JOYCE, ) | |
| Defendants. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment discrimination on the basis of sex, and under 42 U.S.C. 1983, 1985, 1988, 424 USC 1983 due to the denial of civil rights under color of law and supplemental state law claims and to provide appropriate relief to GiGi Steinwachs, the Plaintiff, who was adversely affected by such practices. The Plaintiff alleges that the defendant, Town of Knightstown/Knightstown Police Department (hereinafter referred to as "Knightstown"), discriminated and retaliated against her by terminating her employment after she reported sexual harassment and discrimination. Also, plaintiff alleges violations of 42 USC 1983. Additionally, Plaintiff raises the state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, false imprisonment, assault and intimidation

## COUNT I

1. Jurisdiction of this Court is invoked pursuant to 28 USC Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000e-3(a), Section 2000e2(a)(1) Section 2000e-5(f)(1) and (3) Section 2000e-5(g)(2) ("Title VII") and Section 102 0f the Civil Rights Act of 1991, 42 USC Section 1981a. and 42 USC 1983, 1985 and 01988 and any other applicable section based on the facts of this matter.

2. The employment practices and other acts alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, GiGi Steinwach, is a female citizen of the United States of America and is a resident of Henry County, Indiana.

4. Plaintiff avers on information and belief that, at all relevant times, defendant-employer, Knightstown, is a political subdivision of the State of Indiana located in Henry County and subject to the requirements of the Civil Rights Act of 1964 (as amended).

5. Pat Adams was Chief of Police of Knightstown during all relevant times until April 2001.

6. Adrian Darling was a police officer during all relevant times and became Chief of Police on or about May 2001. Mike Vaccaro, Stephanie Murray,

Sheila Jenkins, and Michelle Pollard were all employees of the defendant, Knightstown Police Department.

## ADMINISTRATIVE PROCEDURES

7. Plaintiff, GiGi Steinwachs, timely filed a Charge of Discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC") on or about June 7, 2002.

8. On or about August 27, 2002, Plaintiff received from the EEOC a "Notice of Right To Sue" entitling her to commence this action within 90 days from her receipt of that notice.

9. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action. Neither the State of Indiana, nor the County of Henry, nor the Knightstown has a law prohibiting the unlawful practices alleged in this Complaint under which Plaintiff was obligated to make a Complaint or charge prior to filing this action.

## STATEMENT OF CLAIMS

10. Plaintiff was hired in August 2000 as a general dispatcher for the Knightstown Police Department, a civilian employee position.

11. On April 2001, plaintiff was ordered into a private room by Chief of Police, Pat Adams.

12. Pat Adams and others subjected plaintiff to abusive language and innuendo, and harassment of a sexual nature as well as assault.

13. Plaintiff complained of the events at that meeting mentioned above to Knightstown officials.

14. Knightstown, by and through its chief of police began a policy and practice of harassing, discriminatory against plaintiff by

   a. Requiring that she wear a uniform but not requiring the same of male civilian employees;

   b. Falsely accusing her of violating confidentiality orders;

   c. Falsely accusing her of violating Knightstown Police Department internal policy;

   d. Allowing male employees to discuss the sexual affairs of co-workers and discipling her when they perceive she has done so.

15. The result of the practices complained of in paragraph 11-14 have been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex and in retaliation for reporting sexual harassment.

16. The unlawful employment practices complained of in paragraphs 11-14 were intentional.

17. The unlawful employment practices complained of in paragraphs 11-14 were done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Knightstown, its officers, successors, assigns and all persons in active concert or participation with it from engaging in discrimination of the basis of sex by subjecting female

employees to sexual harassment and discharge and any other employment practice which discriminates on the basis of sex;

B. Order Knightstown, to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicates the effects of its past and present unlawful employment practices.

C. Order Knightstown to make whole the Plaintiff by providing her with appropriate back pay, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, or front pay and lost future earnings in lieu thereof, for the Plaintiff;

D. Order Knightstown to make whole the Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-14 above, including out of pocket expenses plus pre-judgment interest and future monetary expenses including but not limited to job search expenses, in amounts to be determined at trial;

E. Order Knightstown to make whole the Plaintiff by providing compensation for past and future non-pecuniary losses above, including physical and emotional pain and suffering, mental anguish and loss of enjoyment of life, in amounts to be determined at trial;

F. Order Knightstown to pay the Plaintiff punitive damages for their malicious and reckless conduct described in paragraphs 11-14 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Plaintiff attorney fees and costs of this action.

## COUNT II

18. Plaintiff restates each and every allegation listed above herein.

19. Knightstown believed plaintiff exercised her right to freedom of speech by posting a message on an electronic bulletin board.

20. Knightstown is aware that plaintiff did not violate any policy of Knightstown regarding posting messages.

21. In an attempt to punish plaintiff for this believed act, Knightstown terminated plaintiff's employment.

22. In an attempt to inhibit plaintiff and others from exercising their rights of freedom of speech Knightstown terminated plaintiff's employment.

23. Knightstown's actions were taken under color of law.

24. Knightstown's action deprived plaintiff and others of their rights guaranteed by the U.S. and Indiana State Constitution.

25. Knightstown's action violated 42 U.S.C. Section 1983 (et. seq. as amended).

WHEREFORE, plaintiff prays for judgment against Knightstown in an amount to be proven at trial, compensatory and punitive damages, recoverable attorney fees, the costs of the action and all other relief appearing just and proper.

### COUNT III

26. Plaintiff restates each and every allegation listed in paragraphs above.

27. In or about April 2001, plaintiff was ordered by the Knightstown police chief, Pat Adams, into a private office.

28. Once in the office, the door was locked and she was surrounded by defendants, Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard and Charles Joyce.

29. Defendants, Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard and Charles Joyce were at that time police officers.

30. While plaintiff was in the custody of these officers in the locked office, plaintiff was questioned, intimidated, assaulted, and badgered.

31. Defendants, Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard and Charles Joyce had no legal basis to take plaintiff in custody.

32. Plaintiff was questioned by defendants, Pat Adams, Adrian Darling, Mike Vaccaro and Sheila Jenkins without being informed of her constitutional right to counsel.

33. Defendants, Pat Adams, Adrian Darling, Mike Vaccaro and Sheila Jenkins allowed defendants, Stephanie Murrey and Michelle Pollard to question plaintiff.

34. Defendants, Pat Adams, Adrian Darling, Mike Vaccaro, Sheila Jenkins, Stephanie Murrey and Michelle Pollard harassed, threatened and intimated plaintiff while she was in custody.

35. Defendants, Adrian Darling and Mike Vaccaro assaulted plaintiff by throwing a chair at her while she was in custody.

36. The actions of defendants, Pat Adams, Adrian Darling, Stephanie Murrey, Sheila Jenkins and Michelle Pollard deprived plaintiff of her rights, guaranteed by the 4th, 6th and 14th Amendments to the Constitution of the United States and similar provisions of the Indiana Constitution regarding seizure, right to counsel and due process.

WHEREFORE, plaintiff prays for judgment against Adrian Darling and Mike Vaccaro in an amount to be proven at trial, compensatory and punitive damages, recoverable attorney fees, the costs of the action and all other relief appearing just and proper.

### COUNT IV

37. Plaintiff restates each and every allegation listed in paragraphs above.

38. Adrian Darling and Mike Vaccaro assaulted plaintiff in throwing a chair at her in the meeting of April 2001.

WHEREFORE, plaintiff prays for judgment against Adrian Darling and Mike Vaccaro in an amount to be proven at trial, compensatory and punitive damages, recoverable attorney fees, the costs of the action and all other relief appearing just and proper.

## COUNT V

39. Plaintiff restates each and every allegation listed in paragraphs above.

40. Defendants, Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard and Charles Joyce, intimidated plaintiff at the meeting in April 2001.

WHEREFORE, plaintiff prays for judgment against Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard, and Charles Joyce in an amount to be proven at trial, compensatory and punitive damages, recoverable attorney fees, the costs of the action and all other relief appearing just and proper.

## COUNT VI

41. Plaintiff restates each and every allegation listed above herein.

42. Defendants, Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrye, Sheila Jenkins, Michelle Pollard, and Charles Joyce falsely imprisoned plaintiff at the meeting in April 2001.

WHEREFORE, plaintiff prays for judgment against Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard, and Charles Joyce in an amount to be proven at trial, compensatory and punitive damages, recoverable attorney fees, the costs of the action and all other relief appearing just and proper.

## COUNT VII

43. Plaintiff restates each and every allegation listed above herein.

44. Defendants, Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard intentionally subjected plaintiff to emotional distress.

WHEREFORE, plaintiff prays for judgment against Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard, and Charles Joyce in an amount to be proven at trial, compensatory and punitive damages, recoverable attorney fees, the costs of the action and all other relief appearing just and proper.

## COUNT VIII

45. Plaintiff restates each and every allegation listed above herein.

46. Defendants, Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard, and Charles Joyce, intentionally subjected plaintiff to emotional distress.

WHEREFORE, plaintiff prays for judgment against Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard, and Charles Joyce in an amount to be proven at trial, compensatory and punitive damages, recoverable attorney fees, the costs of the action and all other relief appearing just and proper.

## COUNT IX

47. Plaintiff restates each and every allegation listed above herein.

48. Defendants, Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard, and Charles Joyce, negligently subjected plaintiff to emotional distress.

WHEREFORE, plaintiff prays for judgment against Pat Adams, Adrian Darling, Mike Vaccaro, Stephanie Murrey, Sheila Jenkins, Michelle Pollard, and Charles Joyce in an amount to be proven at trial, compensatory and punitive damages, recoverable attorney fees, the costs of the action and all other relief appearing just and proper.

## COUNT X

49. Defendant, Charles Joyce, was an employee of Knightstown police department.

50. Charles Joyce published a statement, verbally, and in writing, falsely stating plaintiff had written a statement on an electronic bulletin board.

51. Charles Joyce knew the statements were false when made.

52. As a result of these statements, plaintiff's employment with Knightstown was terminated.

WHEREFORE, plaintiff prays for judgment against Charles Joyce in an amount to be proven at trial, compensatory and punitive damages, recoverable attorney fees, the costs of the action and all other relief appearing just and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by her complaint.

Respectfully submitted,

ECKERT ECKERT & CRAVEN

*(signature)*

Philip C. Eckert, No. 8357-49
Counsel For Plaintiff


GROTKE & BEKES, P.C.

*(signature)*

Gregory E. Bekes, No. 13923-88
Counsel For Plaintiff


ECKERT ECKERT & CRAVEN
7550 South Meridian Street
Suite C
Indianapolis, IN 46217
(317) 881-2700 (telephone)
(317) 885-4884 (fax)

GROTKE & BEKES, P.C.
720 Fry Road
Greenwood, IN 46142
(317) 888-1000 (telephone)
(317) 888-1021 (fax)